**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

2001R01153/nh

May 10, 2004

Lorraine Gauli-Rufo, Esq.
Assistant Federal Public Defender
972 Broad Street
Newark, New Jersey 07102

Cr. 04-710 WJM

Re: Plea Agreement with Adeniyi Adeyemi

Dear Ms. Gauli-Rufo:

This letter sets forth the full and complete agreement between your client, defendant Adeniyi Adeyemi, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from the defendant to a one-count Indictment, which charges the defendant with entering the United States after having been deported, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2). If defendant enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the defendant relating to illegal presence in the United States prior to March 23, 2004, as more fully described in the Criminal Complaint in this matter. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement. The defendant agrees to waive any statute of limitations with respect to any crime that would otherwise expire after the defendant signs the agreement.

Sentencing

The violation of Title 8, U.S.C., Section 1326 to which the defendant agrees to plead guilty carries a statutory maximum

prison sentence of 20 years and a statutory maximum fine of $250,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines. The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to the defendant, or as to what sentence the defendant ultimately will receive.

Further, in addition to imposing any other penalty on the defendant, the sentencing judge: (1) will order the defendant to pay an assessment of $100, which assessment must be paid by the date of sentencing; and (2) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require the defendant to serve a term of supervised release of at least 2 years and up to 3 years, which will begin at the expiration of any term of imprisonment imposed. Should the defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the defendant may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the defendant's activities and relevant conduct

with respect to this case.

Stipulations

This Office and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Appeal and Post-Sentencing Rights

The United States specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceedings involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the



greement does not prohibit
(including the Internal
nd Naturalization Service),
prosecuting any civil

utes the full and complete
his Office and supersedes
No additional promises,
ntered into other than those
ll be entered into unless in

ry truly yours,

RISTOPHER J. CHRISTIE
ited States Attorney

: Nancy Hoppock
sistant U.S. Attorney

I have received this letter from my attorney, Lorraine Gauli-Rufo, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

Adeniyi Adeyemi — Date: 6/22/04

Lorraine Gauli-Rufo, Esq. — Date: 6/22/04

PLEA AGREEMENT WITH ADENIYI ADEYEMI

Schedule A

This Office and Adeniyi Adeyemi agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

1. The United States Sentencing Guidelines effective on November 5, 2003 apply to this case. The applicable guideline is § 2L1.2. This guideline carries a Base Offense Level of 8.

2. Specific Offense Characteristic § 2L1.2(b)(1)(C) applies. This Specific Offense Characteristic results in an increase of 8 levels.

3. As of the date of this letter, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. If the defendant clearly demonstrates acceptance of responsibility through the date of sentencing, this will result in a decrease of two levels, pursuant to U.S.S.G. § 3E1.1(a).

4. As of the date of this letter, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If the offense level is 16 or greater, the government agrees that the defendant is entitled to an additional decrease of 1 level pursuant to U.S.S.G. § 3E1.1(b), unless the defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.